# BERT WIGGIN v. NORTHWEST PAPER COMPANY.[1]

November 1, 1912.

Nos. 17,662—(27).

Safe place to work — duty of master.

The plaintiff, an employee of the defendant, was directed by it to work upon a coal conveyor in its paper mill. The place in which he was required to work was a reasonably safe one, if the conveyor was not put in motion, but one of peril to him, if it was started without warning to him. *Held:* That it was the absolute duty of the defendant to use ordinary care to protect the plaintiff while so at work from injury by the starting of the conveyor without warning; that the evidence was sufficient to sustain a finding that the defendant did not exercise such care; that there was no reversible error in the charge of the court; and that the award of damages, as reduced, is not excessive.

Action in the district court for Carlton county to recover $1,999 for personal injuries. Among other matters, the complaint alleged that defendant failed to provide plaintiff with a reasonably safe place where he could stand and work, but required him to support himself in and about machinery which was at any time liable to be started and cause him injury; that plaintiff was ignorant that the machinery might be started, and he relied upon the fact that defendant would not endanger him by starting the machinery, but believed the place of work to be reasonably safe; that defendant negligently failed to give him any notice or warning of any danger, but caused the machinery to be started while plaintiff was so exposed to danger therefrom. The answer admitted that plaintiff was in defendant's employ as assistant millwright, engaged in making improvements and repairs in the factory; admitted plaintiff's injury while so employed, but denied knowledge as to the manner in which the injury was received, or as to its extent, and denied that plaintiff's earning capacity had been permanently impaired by reason of the injury; admitted

[1] Reported in 137 N. W. 1113.

119 M.—18.

that it was its duty to exercise reasonable care in providing plaintiff a reasonably safe place in which to work, and alleged that it did exercise such care and provide him a reasonably safe place in which to work. The answer further alleged that plaintiff's injury was the result of his own negligence. The reply was a general denial of the new matter contained in the answer.

The case was tried before Dibell, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for judgment notwithstanding the verdict and granting its motion for a new trial, unless plaintiff would consent that the verdict be reduced to $750, it appealed. Affirmed.

*Alexander Marshall,* for appellant.

*John Jenswold, Jr.,* and *C. R. Magney,* for respondent.

START, C. J.

Appeal, in a personal injury action, from an order of the district court of the county of Carlton denying the defendant's motion for judgment notwithstanding the verdict or for a new trial. The plaintiff had a verdict for $1,000 and a new trial was denied on condition that he consented to a reduction thereof to $750.

The plaintiff, on February 16, 1910, was employed in the defendant's paper mill at Cloquet as a millwright's helper. He was directed by the millwright, who was his foreman and a vice-principal, to assist him in the alteration of a coal conveyor, which was used to convey coal to the boilers in the boiler room. The place assigned to him in which to work was a reasonably safe one, if the conveyor was not put in motion, but obviously dangerous if it was started without first warning him. While he was working on the conveyor, it was started without warning to him and he was caught between one of the cables of the conveyor and the wheel on which it was running, whereby he was injured. The plaintiff, when so injured, was working at a point some twelve feet or more above the floor of the boiler room, where the coal conveyor was operated by either the fireman or his assistant, and started, by one of them, whenever more coal was required, by pulling down on a cable which set the machinery in motion. The conveyor

was stopped by pulling on a cable hanging within two feet of the cable which started the conveyor. The cables were similar in appearance and neither had any distinguishing mark or label.

The evidence as to the foregoing facts was substantially uncontradicted. There was also evidence, conflicting in some material particulars, tending to show that it was the duty of the fireman and his assistant to start and stop the conveyor, and, when about to start it, to see that no one would get hurt thereby; that they had full charge of the machinery by which it was started and stopped; that the millwright, when the work on the conveyor was commenced, called down to the fireman not to start it until the work was finished, but no response was made from below and neither of the firemen heard the order; that when the fireman got ready to start the conveyor he called "watch out," and without waiting for any answer, or giving any instructions to his assistant who remained in the boiler room, went out of the boiler room, threw in the friction clutch in the machine shop preparatory to starting the conveyor; the assistant fireman then started, as was his custom in such cases, to throw on the friction in the boiler room, which would start the machinery, then some one called out not to start it, but, by mistake or otherwise, he pulled the wrong cable and the conveyor was set in motion, which resulted in the plaintiff's injury.

The trial court instructed the jury that:

"If reasonable and ordinary care for the safety of the plaintiff, while he was doing the work he was put to do, required of the defendant that it see to it that the cable should not be started, its negligent failure to do so makes it liable, in the absence of contributory negligence or the assumption of risk by the plaintiff.

"If the plaintiff was set to work at a place which would be dangerous to him if the cable started, and ordinary care for his safety made it the duty of the defendant to see that the cable remained stationary while he was at work there, and it negligently failed to see to it, then it is liable to the plaintiff, unless he was, himself, negligent or assumed the risk which resulted in his injury."

No objection was made by the defendant to these instructions at

the trial, but were first excepted to on the motion for judgment or a new trial.

The defendant's first contention to be considered is to the effect that the plaintiff's injury was caused by a mistake or negligence of his fellow servant, the assistant fireman, for the reason that the defendant "had provided a reasonably safe place, and the keeping of this conveyor stationary was merely incidental to the work of altering it, and the case at bar does not come within the customary warning rule, which is peculiar to this state and one or two others."

It is obvious that the place in which the plaintiff was required to work was one of peril, unless the conveyor remained stationary, and that the keeping of it stationary was not merely incidental to the work to be done upon it, but that it was the absolute duty of the defendant to exercise ordinary care, that is, due care, to protect the plaintiff, while so at work, from injury by the starting of the conveyor without warning.  Aho v. Adriatic Mining Co. 117 Minn. 504, 136 N. W. 310.  Whether the defendant exercised such care for the safety of the plaintiff, was made by the evidence a question of fact, for it does not conclusively appear from the evidence that the plaintiff was injured solely by the negligence of a fellow servant.  The defendant's motion for judgment absolute in its favor was rightly denied.

In support of its motion for a new trial the defendant urges that the giving of the instructions we have quoted was reversible error for the reason that they "gave the jury the right to say that reasonable care required that defendant should guarantee that the conveyor should not be started by any cause or agency."  If such be the fair import of the instructions, they constitute reversible error.  We are, however, of the opinion that the construction of them claimed by the defendant is not justified by the language of the trial court.  The jury were told in effect that, if reasonable care for the safety of the plaintiff required the defendant to see to it, that is, to take care, that the conveyor was not started while he was at work on it, and if the defendant negligently failed so to do, then it was liable to the plaintiff, unless he was himself negligent or assumed the risk.  So construed, the instructions were correct, and if there was any reason to apprehend that the jury might not so understand them, the attention of

the trial court should have been called to them at the time they were given, instead of excepting to them for the first time on the motion for a new trial.

The defendant's last contention is that the damages are excessive. The evidence tended to show that the plaintiff's injuries were severe, but not permanent, and that he suffered great pain, and special damages to the amount of some two hundred dollars. We are of the opinion that the award of damages as reduced is only fairly compensatory.

Order affirmed.